BOWMAN AND BROOKE LLP
Richard L. Stuhlbarg (SBN: 180631)
Richard.stuhlbarg@bowmanandbrooke.com
Jennifer C. Koo (SBN: 309721)
Jennifer.koo@bowmanandbrooke.com
970 West 190th Street, Suite 700
Torrance, California 90502
Tel No.: 310/ 768-3068
Fax No.: 310/ 719-1019

Attorneys for Defendant, FCA US LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ERIN SMITH, <br><br> Plaintiff, <br><br> vs. <br><br> FCA US, LLC; SCOTT ROBINSON CHRYSLER DODGE JEEP RAM; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.: 2:21-cv-5347 <br><br> [Removed from California Superior Court, Los Angeles County – 20STCV37031] <br><br> **FCA US LLC'S NOTICE OF REMOVAL** <br><br> Action Filed: September 25, 2020 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant FCA US LLC ("FCA US"), by its counsel BOWMAN AND BROOKE LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 20STCV37031, of the Superior Court of California, County of Los Angeles. In support of this removal, FCA US states as follows.

/ / /

/ / /

# THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Los Angeles by Plaintiff Erin Smith ("Plaintiff") against FCA US LLC and Scott Robinson Chrysler Dodge Jeep Ram ("Scott Robinson") entitled *Erin Smith v FCA US LLC*, et al., Case No. 20STCV37031 (the "State Action").

2. Plaintiff filed the State Action on September 25, 2020, asserting breach of express and implied warranties under California's Song-Beverly Consumer Warranty Act and fraudulent inducement-concealment.

3. On June 1, 2021, Plaintiff filed a Request for Dismissal ("RFD") as to Scott Robinson entirely from the State Action.

# PROCEDURAL REQUIREMENTS

4. Generally, a defendant has thirty (30) days from the date of service of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Plaintiff filed the RFD on June 1, 2021. (*See* Declaration of Jennifer C. Koo ["Koo Decl."], ¶ 9, filed concurrently herewith.) On this same day, FCA US analyzed the RFD, Complaint, Sales Contract to reach the conclusion that this matter was removable based on federal subject matter diversity jurisdiction based on diversity. (*Id*. at ¶ 9.)

5. Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since June 1, 2021 has not elapsed. Accordingly, this Notice of Removal is therefore timely filed.

/ / /

/ / /

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the Los Angeles State Action in FCA US's possession are contained in **Exhs. A-P** filed herewith. (Koo Decl. ¶¶ 4, 8-23.)

7. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the State Action has been pending.

8. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Los Angeles promptly after filing of the same in this Court.

9. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

10. If any question arises as to the propriety of the removal of this action, FCA US requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable. (See, *Academy of Country Music v. Continental Casualty Company,* 991 F.3d 1059 (9th Cir. 2021) and *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006)).

11. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FCA US right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (vii) any other procedural or substantive defense available under state or federal law.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

12. For diversity jurisdiction over a claim, the amount in controversy must exceed $75,000. The amount in controversy in this action exceeds $75,000,

exclusive of interests and costs. (See 28 U.S.C. § 1332.)

13. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" (*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).)) "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." (*Dart*, 135 S. Ct. at 553.) The amount in controversy is an estimate of the amount in dispute, rather than an assessment of the defendant's potential liability. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Once the party seeking federal jurisdiction provides <u>plausible explanation</u> for how the amount in controversy is met, the matter should remain in federal court unless plaintiff cannot possibly recover that amount. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) (emphasis added). The Ninth Circuit has repeatedly found that the "amount in controversy is the '**amount at stake** in the underlying litigation.'" *Fritsch v. Swift Transportation Company of Arizona, LLC* (9th Cir. 2018) 899 F.3d 785, 793 quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (quoting *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005) (Bold supplied.)

14. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." (*Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006).) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiffs to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. (*Id.*) Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy

1 requirement has been satisfied." (*Ibarra*, 775 F.3d at 1195.) At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." (*Abrego*, 443 F.3d at 691.) (internal citation omitted)).

15. FCA US disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, FCA US can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. (*See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. (*Id*.)

16. In the case at bar, the Plaintiff seeks monetary damages "in a sum to be proven at trial in an amount that is not less than $25,001.00" (**Exh. A** to Koo Decl., Compl. ¶ 12.) Plaintiff also seeks "a civil penalty up to two times the amount of actual damages" pursuant to her Song-Beverly Consumer Warranty Act causes of action. (*See* Compl., ¶¶ 127-129, 134, 137, 141; Prayer for Relief, ¶ e.) In addition, Plaintiff seeks punitive damages. (Prayer for Relief, ¶ i.) Plaintiff alleges breach of the express and implied warranties under the Song-Beverly Consumer Warranty Act. (*See* Compl.)

17. Plaintiff alleges that on or about June 24, 2017, she purchased a 2017 Jeep Cherokee, VIN: 1C4PJLAB6HW662705, and it was delivered with, and later developed, defects during the warranty period. (Compl., ¶¶ 9 and 11.) Plaintiff alleges she presented the vehicle for repairs and further alleges that Defendant has "been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities." (Compl., ¶¶ 125, 127.)

18. Plaintiff alleges she is entitled to relief under the Song-Beverly Consumer Warranty Act against FCA US including: actual damages; restitution; civil penalty in the amount two times Plaintiff's actual damages pursuant to Civil Code section 1794, consequential and incidental damages; costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794,

1  subdivision (d); punitive damages; rescission of the purchase contract;
2  prejudgment interest; and other relief as the Court may deem proper. (Compl.,
3  Prayer for Relief.)

4  19. The amount in controversy calculation includes civil penalties under
5  the Song-Beverly Act. (*Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004,
6  1009 (N.D. Cal. 2002).) The amount in controversy calculation also includes
7  reasonable estimates of attorneys' fees. (*Id*. at 1011; *Guglielmino v. McKee Foods
8  Corp*., 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d
9  1150, 1156 (9th Cir. 1998).)

10 20. Additionally, in calculating the amount in controversy in a Song-
11 Beverly case, the *Brady* Court agreed with the substantial line of cases that held
12 that a reasonable estimate of fees likely to be recovered may be used in calculating
13 the amount in controversy. (*See Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1340
14 (10th Cir.1998); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034-35
15 (N.D.Cal.2002); *Gerig v. Krause Publications, Inc.,* 58 F.Supp.2d 1261, 1265
16 (D.Kan.1999); *Plus System, Inc. v. New England Network, Inc.,* 804 F.Supp. 1ll,
17 116-17 (D.Colo.1992).) In doing so, the Court noted that Mercedes Benz USA
18 submitted a declaration detailing fee awards in similar lemon law cases wherein
19 attorneys' fees of over $60,000 were awarded. (*Brady v. Mercedez Benz*, 243 F.
20 Supp. 2d 1004, 1009 (N.D. Cal. 2002).) "[A] court must include future attorneys'
21 fees recoverable by statute or contract when assessing whether the amount-in-
22 controversy requirement is met." *Fritsch,* 899 F.3d 785, 794. As a result, this
23 Court must consider the reasonable estimate of fees in this case as part of the
24 amount in controversy analysis.

25 21. The Song-Beverly Act allows for the recovery of attorney's fees,
26 which regularly exceed $100,000. (*See* Declaration of Richard L. Stuhlbarg
27 ["Stuhlbarg Decl."], ¶ 5, filed concurrently herewith).
28 / / /

22.     If Plaintiff was to prevail on her Song-Beverly Act claims, she could be awarded damages of $75,000.00 or more if awarded statutory civil penalties, punitive damages, and attorney's fees. Plaintiff's Complaint seeks to rescind the purchase of the contract and a double civil penalty of all actual damages. (Compl. Prayer for Relief.) Plaintiff alleges she suffered damages in an amount not less than $25,001.00 and is seeking recovery of her actual damages from this action. (See Compl., ¶ 12; Prayer for Relief, ¶ a.) Plaintiff is also seeking a civil penalty up to two times her actual damages pursuant to Civil Code section 1794, subdivisions (c) and (e). (*Id*.)  So at a minimum, Plaintiff seeks $75,003.00 in damages.  Furthermore, based on the Sales Contract for the Subject Vehicle, Plaintiff paid $32,313.04 to purchase the Subject Vehicle. (Koo Decl., ¶¶ 7 and 24.) Adding $64,626.08 as a double civil penalty pursuant to the Song-Beverly Act to $32,313.04, we reach $96,939.12. (*Id*.) Additionally, while punitive damages are typically limited to a single digit multiplier, such an award in this case could exceed $225,00.00 based on the damages alleged in the complaint. (*See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 US 408, 424-425 (2003)). Adding these amounts to reasonable attorney fees which a party is entitled to under the Song-Beverly Act, which can be reasonably considered to be at least $137,500.00, it is more likely than not that the amount in controversy exceeds $75,000. (Stuhlbarg Decl., ¶ 6).

23.     Thus, the total amount in controversy therefore exceeds $75,000.00. The amount in controversy is satisfied. (Stuhlbarg Decl., ¶¶ 5-6; Cal. Civ. Code § 1793.2(d)(2)(B)-(c); § 1794(c)).

## DIVERSITY OF CITIZENSHIP EXISTS

24.     The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. (*Kantor v. Wellesley Galleries,*

*Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).) A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. (*Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).) A party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. (*See, e.g,, State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). "It is assumed … that a person's current residence is also his domicile." (13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §3612 (3d. ed. 2013).)

25. "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." (*Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) cited by *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) and *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).)

26. A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of Plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable..." (28 U.S.C. § 1446(b)(3).)

27. Plaintiff is and was at the time of filing of the Complaint, a citizen and resident of California, specifically a citizen and resident of Los Angeles County, California, specifically a resident of Inglewood, California located in Los Angeles County (Koo Decl. Ex. A, Compl., ¶ 2; *see also* TransUnion report, **Exhibit R** to Koo Decl., ¶ 25.) (*See*, *Ervin v. Ballard Marine Constr., Inc.* (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S.Dist.LEXIS 106507, at *8 [internal citations omitted] (Plaintiff's complaint stated only that he was a resident of Oregon, it made no statement as to Plaintiff's citizenship. The Court found that for diversity purposes a plaintiff is a citizen of the state in which he or she resides in the absence of evidence to the contrary.)). Plaintiff has resided in California since

at least 2009. (*See*, TransUnion report, **Exhibit R** to Koo Decl., ¶ 25.) Plaintiff, based on information and belief, has no intention to leave California.

28. FCA US is, and was at the time Plaintiff commenced this action, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Michigan. This Court can take judicial notice of these facts. (See FCA US's Certification and Notice of Interested Parties concurrently filed herewith; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). FCA US is a Delaware limited liability company and is not publicly owned. The sole member of FCA US is FCA North America Holdings LLC, a limited liability company organized under Delaware law with its principal place of business in Michigan. The sole member of FCA North America Holdings LLC is FCA Holdco B.V., a company organized under the laws of the Netherlands with its principal place of business at Singaporestraat 921175 RA Lijnden, Netherlands. The sole member of FCA Holdco B.V. is Stellantis N.V., a public traded company incorporated under the laws of the Netherlands with its principal place of business Singaporestraat 921175 RA Lijnden, Netherlands. (*Id.*)

29. Complete diversity existed as of the time this action was filed, as well as the date of this notice. (*See Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir. 1984).)

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## CONCLUSION

30. Consequently, the State Action may be removed to this Court by FCA US in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

DATED: July 1, 2021               BOWMAN AND BROOKE LLP


                                  BY: */s/ Jennifer C. Koo*
                                      Richard L. Stuhlbarg
                                      Jennifer C. Koo
                                      Attorneys for Defendant
                                      FCA US LLC

# PROOF OF SERVICE
## F.R.C.P. Rule 5(b)(2)(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, CA 90502 and my e-mail address is: regina.foley@bowmanandbrooke.com.

On **July 1, 2021**, I served the foregoing documents described as **FCA US LLC'S NOTICE OF REMOVAL** on all interested parties in this action by transmitting an electronic copy as follows:

| | |
|---|---|
| Tionna Dolin, Esq.<br>STRATEGIC LEGAL PRACTICES, APC<br>1840 Century Park East, Suite 430<br>Los Angeles, CA 90067 | **ATTORNEYS FOR PLAINTIFF**<br><br>Tel:   310/ 929-4900<br>Fax:   310/ 943-3838<br>Email:   tdolin@slpattorney.com<br>            emailservices@slpattorney.com<br>            crlee@slpattorney.com |

☒ **BY ELECTRONIC TRANSMISSION.** Only by e-mailing the document(s) to the persons at the e-mail address(es) listed based on notice provided that during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

☐ **BY MAIL (F.R.C.P. Rule 5(b)(2)):** I served the documents by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than 1 day after the date of deposit for mailing in affidavit.

Executed on **July 1, 2021**, at Long Beach, California.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Regina Foley